Case 3:22-cv-00144-KRG   Document 1-2   Filed 09/01/22   Page 1 of 9

Exhibit A – Complaint

Exhibit A – Complaint



# IN THE COURT OF COMMON PLEAS OF CLEARFIELD COUNTY, PENNSYLVANIA

| | |
|---|---|
| GARY D. KNEPP, | CIVIL DIVISION |
| Plaintiff, | Docket No.: 2022-952-CD |
| vs. | COMPLAINT IN CIVIL ACTION |
| WAL-MART STORES EAST, L.P., | |
| Defendant. | Filed on behalf of Plaintiff: Gary D. Knepp |

Counsel of Record for this Party:
John E. Nedlik, Esquire
PA I.D. # 37471

Woomer & Talarico
2945 Banksville Road, Suite 200
Pittsburgh, PA 15216-2749
Tele # (412) 388-0848
Fax # (412) 388-0946

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF CLEARFIELD COUNTY,
PENNSYLVANIA

GARY D. KNEPP,                       CIVIL DIVISION

          Plaintiff,                  Docket No. :

vs.

WAL-MART STORES EAST, L.P.,

          Defendant.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Court Administrator**
**Clearfield County Courthouse**
**Second & Market Streets**
**Clearfield, PA  16830**
**(814) 765-2641**

IN THE COURT OF COMMON PLEAS OF CLEARFIELD COUNTY, PENNSYLVANIA

GARY D. KNEPP,            CIVIL DIVISION

    Plaintiff,                 Docket No. :

vs.

WAL-MART STORES EAST, L.P.,

    Defendant.

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Gary D. Knepp, by and through his attorneys, John E. Nedlik, Esquire, and Woomer & Talarico, and complains and alleges as follows:

1. Plaintiff, Gary D. Knepp (hereinafter "Plaintiff"), is an adult individual residing in Clearfield, Clearfield County, Pennsylvania 16830.

2. Defendant, Wal-Mart Stores East, L.P. (hereinafter "Defendant"), is a limited partnership with a registered address located at 702 SW 8th Street, Bentonville, Benton County, Arkansas 72716.

3. At all times relevant and material hereto, Defendant regularly conducted business in Clearfield County, Pennsylvania.

4. At all times relevant and material hereto, Defendant Walmart leased, owned, operated, possessed, controlled, managed and/or maintained Walmart Supercenter #2129, located at 100 Supercenter Drive, Clearfield, Clearfield County, Pennsylvania 16830 (hereinafter the "premises").

5. At all times relevant and material hereto, the Defendant had a duty to inspect, maintain, repair, control, supervise and oversee the at-issue premises and to warn of and correct the dangerous conditions.

6. At all times relevant and material hereto, the Defendant acted by and through their agents, servants, employees, representatives, assignees, subsidiaries, predecessors and/or successors in interest.

7. On or about May 31, 2021, the Plaintiff was lawfully on the aforementioned premises for a business purpose.

8. At all times relevant and material hereto, there existed a dangerous, defective, hazardous and unsafe condition on the premises of the Defendant, characterized by an exposed shipping pallet placed in the middle of an aisle.

9. Plaintiff was caused to trip or otherwise lose his balance as a result of coming into contact with the aforementioned defective condition.

10. As a direct and proximate result of the aforementioned accident, Plaintiff sustained the following injuries, some or all of which are or may be permanent:

   a. Displaced comminuted left patella fracture requiring open reduction internal fixation;

   b. Edema of the left knee;

   c. Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

   d. Nervousness, emotional tension, anxiety and depression.

11. As a direct and proximate result of the aforementioned accident, Plaintiff sustained the following damages, some or all of which are or may be permanent or on-going:

   a. He has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of his injury, and emotional and psychological trauma;

   b. He has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services;

   c. His general health, strength and vitality have been impaired;

    d.    He underwent open reduction internal fixation surgery and may, in the future, require additional surgical intervention;

    e.    He has sustained and will continue to sustain lost earnings and his earning capacity has been and may be permanently impaired; and,

    f.    He has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

12.    At all times relevant and material hereto, Defendant knew or should have known of the dangerous, hazardous, unsafe and defective condition that existed on the premises.

13.    At all times relevant and material hereto, the Defendant failed to take any steps to eliminate the hazard, reduce its danger to invitees, or otherwise warn users, including the Plaintiff, of its dangerous, hazardous, unsafe and defective condition.

## COUNT I
### *Plaintiff v. Defendant*
### Negligence

14.    Plaintiff incorporates, by reference, all preceding paragraphs as if set forth at length herein.

15.    Plaintiff's injuries and damages were a direct and proximate result of Defendant's negligence in the following particulars:

    a.    Causing and permitting the dangerous, hazardous, unsafe and defective condition to exist on the premises for an unreasonable period of time;

    b.    In providing a premises that was unsafe for use;

    c.    In designing, constructing, and/or maintaining the premises in such a manner that invitees were at risk of injury;

    d.    In failing to warn users, including the Plaintiff, regarding the dangerous, hazardous, unsafe and defective condition of the premises;

    e.    In failing to altogether eliminate the dangerous, hazardous, unsafe and defective condition from the premises;

    f.    In failing to cordon off the dangerous condition or otherwise prevent invitees

        of the premises from traversing through the dangerous, hazardous, unsafe and defective condition;

    g.    In negligently designing, constructing, maintaining and/or operating the premises such that Plaintiff was caused to fall;

    h.    In failing to timely, properly, or regularly inspect the premises for defects; and,

    i.    In failing to remove, repair or cordon off the unsafe condition on the premises.

WHEREFORE, Plaintiff requests judgment for damages against Defendant in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

                                    Woomer & Talarico

                                    *[signature]*
                                    John E. Nedlik, Esquire
                                    PA I.D. # 37471

                                    Woomer & Talarico
                                    2945 Banksville Road, Suite 200
                                    Pittsburgh, PA 15216-2749
                                    Tele # (412) 388-0848

## **VERIFICATION**

I, Gary D. Knepp, being duly sworn according to law, depose and say that the facts contained in the foregoing *Complaint in Civil Action* are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Gary D. Knepp

IN THE COURT OF COMMON PLEAS OF CLEARFIELD COUNTY, PENNSYLVANIA

| | |
|---|---|
| GARY D. KNEPP, | CIVIL DIVISION |
| Plaintiff. | Docket No.: |
| vs. | |
| WAL-MART STORES EAST, L.P., | |
| Defendant. | |

### CERTIFICATE OF COMPLIANCE

I certify that the Plaintiff's Complaint in Civil Action complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

Woomer & Talarico

*[signature]*

John E. Nedlik, Esquire
Attorney for Plaintiff
PA I.D. #37471

2945 Banksville Road, Suite 200
Pittsburgh, PA 15216