**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY D. KNEPP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:22-144 |
| WAL-MART STORES EAST, L.P., | ) Judge Nora Barry Fischer ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

I.   INTRODUCTION

In this premises liability case, Plaintiff Gary D. Knepp ("Knepp") alleges that injuries he sustained on May 31, 2021 when he tripped over a low-lying pallet corner protruding from a watermelon display at the Clearfield, Pennsylvania store operated by Defendant Wal-Mart Stores East, L.P. ("Walmart") were proximately caused by Walmart's negligence. (Docket No. 1). Walmart moves for summary judgment arguing that Knepp presented insufficient evidence to establish that the display constituted a dangerous condition and that the same was an open and obvious condition that Knepp failed to recognize by using reasonable care for his own safety. (Docket Nos. 26; 34; 38). Knepp contends that summary judgment is not warranted because there are material factual disputes between the parties and the issues of whether the display was dangerous and/or obvious to patrons such as himself raise questions that should be resolved by the jury. (Docket Nos. 31; 41).

Walmart's Motion has been fully briefed as the parties have each filed supporting briefs, concise statements of material facts and supporting appendices, including a surveillance video of the incident. (Docket Nos. 25-33). Walmart also submitted a reply and a supplement, to which

Knepp responded. (Docket Nos. 34-35; 38; 41). The Hon. Kim R. Gibson was initially presiding over this case and granted Walmart leave to file its motion for summary judgment prior to the completion of expert discovery. (Docket No. 24). The matter was thereafter reassigned to the undersigned for prompt disposition. (Docket No. 42). After careful consideration of the parties' positions and evaluating the evidence of record in light of the controlling standards, and for the following reasons, Walmart's Motion [25] is denied.

II. LEGAL STANDARD

As the Court writes primarily for the parties, who are familiar with the facts of this matter, the Court starts with the governing legal standards. Walmart's burden on summary judgment is to demonstrate that, based on the evidence of record, viewed in a light most favorable to the non-movant, there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (citations omitted). Further, "[a] dispute is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Clews v. County of Schuylkill*, 12 F.4th 353, 358 (3d Cir. 2021) (quoting *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court's function is not to weigh the evidence, to determine the truth of the matter, or to evaluate credibility. *See Montone v. City of Jersey City, et al.*, 709 F.3d 181 (3d Cir. 2013).

III. DISCUSSION

In this Court's estimation, Walmart has failed to demonstrate that summary judgment is appropriate because there are material facts in dispute between the parties as to the whether the

low-lying pallet corner protruding from the watermelon display was a dangerous condition, if it was an open and obvious condition that Knepp should have avoided with the exercise of reasonable care for his own safety, and if Walmart should have anticipated that Knepp would be distracted by carrying a watermelon he obtained from the display causing him to not see or protect himself from tripping over the pallet corner. *See Baloga*, 927 F.3d at 752. As such, these disputes present factual issues which must be resolved by the jury at trial. Therefore, Walmart's Motion will be denied.

At the outset, the parties do not contest the principles of Pennsylvania law at issue in this lawsuit, including the Commonwealth's adoption of §§ 343 and 343A of the Restatement (Second) of Torts. (Docket Nos. 26; 31; 34; 38; 41). To sustain his negligence claim, Knepp's burden is to prove: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Estate of Swift v. Northeastern Hospital of Philadelphia*, 456 Pa. Super. 330, 690 A.2d 719, 722 (Pa. Super. Ct. 1997). Only the "duty" element is at issue in this motion. As Knepp was a business invitee, Walmart owed him "the highest duty owed to any entrant upon land" such that he "was not required to be on alert to discover defects which were not obvious" and Walmart had the responsibility to protect him "not only against known dangers, but also against those which might be discovered by [it] with reasonable care." *Robinson v. Seven Springs Mountain Resort, Inc.*, 323 A.3d 202, 2024 WL 2955263, at *3 (Pa. Super. Ct. Jun. 12, 2024) (internal citations omitted). With that said, "even if the danger [is] open and obvious," Walmart "is not relieved of its duty of care for open and obvious dangers when it 'has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.'" *Robinson*, 2024 WL 2955263, at *5 (quoting Restatement (Second) of Torts

3

§ 343A, cmt. f.). The Court now evaluates the evidence presented in the record and the parties' arguments.

First, viewing the facts in the light most favorable to Knepp, the Court holds that he has presented sufficient evidence from which a reasonable jury could conclude that the low-lying pallet corner protruding from the watermelon display constitutes a dangerous condition and that it was not open and obvious to patrons such as himself. *See Pitslides v. Barr,* 128 F. 4th 203, 206 (3d Cir. 2025). The law is well established that:

> "[a] danger is deemed to be 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.'" *Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120, 123 (1983) (citations omitted). "[T]he question of whether a danger was known or obvious is usually a question of fact for the jury." *Id*. at 124. A court may decide this question, however, where "reasonable minds could not differ as to the conclusion." *Id*.

*Pusateri v. Wal-Mart Stores E., L.P.*, 646 F. Supp. 3d 650, 654 (W.D. Pa. 2022). It is this Court's opinion that the jury could determine that the condition was dangerous, and the record is simply not conclusive as to whether the condition was known and obvious to Knepp and other customers. *See Carrender*, 469 A.2d at 124. To that end:

- Knepp testified that he did not see what he tripped over prior to the fall but believed that it was the pallet as he turned and observed it after he had fallen and was laying on the floor, (Docket Nos. 27 at ¶¶ 6, 7; 32 at ¶¶ 6, 7);

- Knepp reported to Walmart employees on the date of the accident that he tripped over the pallet, as is reflected in their internal reports, (Docket Nos. 32 at ¶ 4; 34 at ¶ 4);

- Walmart's witness, Asset Protection Operations Coach Scott Sharpless, explained that "the watermelon display pallets come self-contained from the distributor and that the Walmart employees simply lift a cardboard lid off the top of the display and place the displays on the floor," but if the entire display appears damaged,

4

- they will keep it in storage and not place it on the floor, (Docket Nos. 27 at ¶¶ 8-11; 32 at ¶¶ 8-11); and,

- An expert witness, Jon J. Pina, MS, CSP, with 40 years of experience in safety matters, proffers that Walmart's placement of the watermelon display in the store aisle with the protruding pallet violated OSHA standards to keep walkways clear and that the display created a tripping hazard for employees and patrons of the store, (Docket No. 31-6).[1]

Second, the Court's review of the photos and surveillance video presented by the parties further demonstrates that the jury will have to consider the evidence and determine if this was an open and obvious condition. (*See* Docket Nos. 28-2 at 14-23; Def Ex. D; 33-4). As to the photographs below, they show that the corners of the rectangular pallet protrude several inches beyond the octagonal Health Harvest Farms box containing the watermelons for sale and that the top of the pallet corners are covered.



---

[1] Walmart did not separately move to strike Pina's expert report but argues that the Court should not consider it at this stage of the proceedings because he states that he relied upon the incident reports and witness statements such that it appears he did not review the surveillance video, photographs or deposition testimony. (Docket No. 34 at 5-7). The Court disagrees as it is well established that expert declarations can be considered in opposition to motions for summary judgment under Rule 56(c) and the "timing and availability of expert discovery is subject to the court's discretion." *LabMD Inc. v. Boback*, 47 F. 4th 164, 187 (3d Cir. 2022) (citations omitted). Here, the Court's resolution of these issues is premature because Judge Gibson exercised his discretion and stayed expert discovery pending the disposition of Walmart's motion for summary judgment and the parties will have the opportunity to further explore the factual foundation for his opinions during expert discovery. With that said, the Court would deny Walmart's summary judgment motion even if the expert report was not considered, for the reasons set forth herein.

(Docket Nos. 27 at ¶ 12; 32 at ¶ 12). In addition, the green and red watermelon graphics which are on the box continue onto the corners and partially obscure the pallet if you are viewing it from above. (*Id.*). Although there is a red and white striped arrow pointing down on the side of box and a portion covering the pallet corner is also red and white striped, a jury could determine that it blends into the color scheme of the graphic, as opposed to warning the customer of the potential danger presented by the pallet corner. (*Id.*).

With respect to the video evidence, the Court has watched it and disagrees with Walmart that the scene depicted conclusively shows either that Knepp saw the pallet corner when he initially passed the display or returned to shop for watermelons or that the pallet corner would be open and obvious to reasonable customers. (*See* Def Ex. D at 6:27:39 – 6:28:41). For one, as is shown in the screenshot below, the surveillance video is a wide scene showing 6 self-check-out kiosks and other areas of the store with only part of the watermelon display shown in a small portion of the top left quadrant of the video. (*Id.*).



(Docket No. 28-2 at 16).  This is not a high-definition, movie-quality video but a pixilated surveillance video and it is unclear at times.  (Def Ex. D at 6:27:39 – 6:28:41).

In any event, this is certainly not the type of case where Knepp's version of the events is blatantly contradicted by those shown in the video and the Court cannot discredit his testimony that he did not see the pallet corner prior to his fall.  *See e.g., Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007)) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").  As such, the Court views the facts in the light depicted in the video.  *See id.* at 381 (courts should "view[ ] the facts in the light depicted by the video").

The Court's examination of the video indicates that Knepp makes an initial pass of the display as he moves toward the self-check-out area, but he is walking a few feet away from it with his wife trailing him in a position between him and the watermelon display.  (Def Ex. D at 6:27:39 – 6:28:41).  Knepp is holding objects in his hands, i.e., what appears to be a large meat package in one hand and a smaller package of cheese in the other hand.  (*Id.*).  As is shown in the above screenshot, Knepp and his wife stop briefly between two mid-aisle displays near the entry of the self-check-out area, and he can be seen repositioning the cheese on top of the large meat package and then carrying it with two hands held out in front of him for a time.  (*Id.*).  He returns to the watermelon display walking directly at it while holding these items in only his left hand, and then shuffles to his right around the watermelon display.  (*Id.*).  Knepp places the items he was holding on the display and briefly moves out of view of the video while leaning to his right.  (*Id.*).  His wife joins him at the watermelon display for a few seconds and then departs. Knepp can then be observed reaching into the watermelon box and retrieving a watermelon in his right hand and the

7

other items in his left, one at a time. (*Id*.). As he attempts to return to the self-check-out area, holding these items in his two hands, his right leg is closest to the display and he can be seen falling, with the watermelon rolling down the aisle and his other items crashing to the floor. (*Id*.). The following zoomed-in screenshots from the video show Knepp's position before and after he tripped:

 

(Docket No. 28-2 at 22-23). Given these circumstances along with the testimony and other evidence, the Court finds that summary judgment is inappropriate, and it will be up to the jury to resolve the parties' factual disputes and determine whether the pallet was dangerous and if it was open and obvious. *Pusateri*, 646 F. Supp. 3d at 654.

Third, and importantly, even if the Court agreed with Walmart that the pallet protruding from the watermelon display was an open and obvious condition, summary judgment would still not be warranted because a reasonable jury may conclude that Walmart should have "'anticipate[d] the harm despite such knowledge or obviousness.'" *Robinson*, 2024 WL 2955263, at *3 (quoting Restatement (Second) of Torts § 343A(1)); *cf. Neyman v. Sunbelt Rentals, Inc.*, Civ. A. No. 2:23-cv-226, --- F. Supp. 3d ----, 2024 WL 5107238, at *4 (W.D. Pa. Dec. 13, 2024) ("even if the Court finds that there are no disputed material facts and that Neyman appreciated the danger, it must still consider whether Sunbelt should have anticipate[d] the harm despite such knowledge or obviousness."). In this regard, Walmart "is not relieved of its duty of care for open and obvious

dangers when it 'has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.'" *Robinson*, 2024 WL 2955263, at *4 (quoting Restatement (Second) of Torts § 343A, cmt. f.).

Having reviewed all of the evidence, including the surveillance video, the Court believes that a jury may find that Walmart should have expected Knepp to be distracted by his shopping for the watermelon as any or all of the involved tasks including selecting a watermelon, reaching into the box to pick it up and carrying it away from the display may have caused him to not discover the protruding pallet corner near his feet, forget about it if he was aware of it, and/or fail to protect himself from the danger it presented. (*See e.g.*, Def. Ex. D).  It is also uncontested that "the watermelon display pallets come self-contained from the distributor and that the Walmart employees simply lift a cardboard lid off the top of the display and place [it] on the floor," without providing any further warning to its customers beyond the markings placed on the box by the distributor. (Docket Nos. 27 at ¶ 9; 32 at ¶ 9).  The Court therefore finds that this matter is distinguishable from the premises liability matters cited by Walmart where summary judgment was granted[2] in its favor and believes that this case is much more akin to the prior cases against it such as *Pusateri* and *Lisser* where summary judgment was denied.  *See Pusateri*, 646 F. Supp. 3d at 655 ("The Court agrees that in this case, a reasonable jury could conclude that given the height and location of the half-empty pallet, and the danger presented by Defendant's employee moving

---

[2] The Court notes that Walmart's supplemental brief filed on March 27, 2024 cites another case involving a patron's trip over a pallet in one of its stores, i.e., *Ziadeh v. Walmart, Inc.*, 2024 U.S. Dist. LEXIS 597 (M.D. Pa. Jan. 2, 2024), a non-binding decision from the U.S. District Court for the Middle District of Pennsylvania. (Docket No. 38).  Walmart's brief indicates that summary judgment was entered in its favor but that the plaintiff had appealed and the appeal was pending at the time. (*Id.*).  The Court of Appeals' docket reflects that the parties in *Ziadeh* participated in the Third Circuit Judicial Mediation Program and settled the case less than a month after the supplemental brief was filed.  *See Ziadeh v. Walmart, Inc.*, App. No. 24-1189, Docket No. 13 (3d Cir. Apr. 19, 2024).

a loaded top cart towards her, Mrs. Pusateri reasonably may have not recognized and appreciated the risk presented by stepping backward without first looking to see if the pallet was present. Moreover, a jury may reasonably conclude that the Defendant should have anticipated the harm of a floor-level obstruction in the middle of an aisle when moving merchandise to restock shelves."); *see also, Lissner v. Wal-Mart Stores E., L.P.*, No. 07-414, 2009 WL 499462, at *3 (W.D. Pa. Feb. 27, 2009) ("the finder of fact must consider whether the surrounding environment distracted plaintiff from seeing or becoming aware of the post and any danger it presented.").

All told, the Court rules that there are genuine disputes of material fact, and that Walmart has failed to meet its burden to demonstrate that summary judgment should be entered in its favor. *See* Fed. R. Civ. P. 56(a).

IV.   CONCLUSION

Based on the foregoing, Walmart's Motion for Summary Judgment [25] is DENIED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: February 28, 2025

cc/ecf: All counsel of record